## CIRCUIT COURT OF THE CITY OF RICHMOND

Clyde G. Gilliam

v.

A. K. Gammon Landscaping etc., Inc.

August 26, 1983

Case No. LF-1709

By JUDGE WILLARD I. WALKER

This matter is before the court on defendant's demurrer to the first amended motion for judgment, on the assertion that the amended motion for judgment is insufficient in law and does not state a cause of action. Pursuant to a hearing on May 10, 1983, I sustained that demurrer without leave to amend and dismissed Count I of the motion for judgment, on the basis that the contract must show a clear intent by the contracting parties to make the plaintiff, or persons similarly situated, a thirdparty beneficiary, and that it does not do so. Subsequent correspondence from plaintiff's counsel requesting an evidentiary hearing on the issue of a third-party beneficiary was received. Count I remains dismissed. For the reasons stated hereinafter, Count II is also dismissed.

According to the pleadings and testimony offered at the May 10 hearing, the facts of this case are relatively simple. Defendant, A. K. Gammon Landscaping and Excavating, Inc. (Gammon), had a contract with the Commonwealth of Virginia, Division of Motor Vehicles (DMV) to remove snow from the DMV parking lots and

driveways at 2300 West Broad Street, Richmond. Plaintiff, Clyde G. Gilliam (Gilliam) is an employee at the above address.

Following a snowfall in January, 1982, defendant Gammon cleared parking Lot A, pursuant to its contract, and stockpiled the snow within the boundaries of the parking lot. Rather than walking around the stockpiled snow, a number of individuals passing between the building and the parking lot created a path through the snow. On or about January 25, 1982, while leaving work, plaintiff, Gilliam, slipped and fell as he crossed through the path created in the stockpiled snow.

In Count II, plaintiff alleges that the defendant has a duty of care to the plaintiff and other individuals who appropriately come into contact with the DMV parking lot, by reason of the contract between defendant and the Division of Motor Vehicles. The law does not recognize a duty of care established by contract to one neither a party to, nor a third-party beneficiary of, the contract. While the existence of the contract between defendant and DMV does not preclude a common law duty of reasonable care by the defendant to the plaintiff, this action was brought for breach of contract, not as an action in tort.

Had the suit been brought in tort, plaintiff would have stated a proper issue, i.e., whether defendant Gammon had met a common law standard of reasonable care due to plaintiff in the performance of the duties established by the contract with DMV.

An affirmative obligation exists relative to the performance of "any contract made with one person, where the interests of another may be expected to be affected," W. Prosser, Law of Torts § 93 (4th ed. 1971). However, the applicable rule first articulated by Winterbottom v. Wright in 1842, and still followed today, is "that no action can be maintained on the contract itself." W. Prosser, Law of Torts § 93 (4th ed. 1971).

Because this motion for judgment was pleaded in contract rather than in tort and cannot be sustained, the questions of defendant's possible negligent performance of his contractual duties and plaintiff's assumption of risk by walking through the snow rather than around it, are not reached. For the reasons stated above, Count II is dismissed without leave to amend.